UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL TODD WILLIAMS, | ) | CASE NO. 3:16CV1599 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| JASON BUNTING, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Samuel Todd Williams' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). For the following reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation and disposes of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus as follows: the Court **DISMISSES** Grounds Two, Five, Six, Eight, Nine and Ten as non-cognizable issues of state law; and **DENIES** Grounds One, Three, Four and Seven on their merits.

### BACKGROUND FACTS

The following is a synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion of both the facts and procedural history of the matter.

This case stems from the death of Lisa Straub and Johnny Clarke in January of 2011. Police found both victims with plastic bags secured over their heads and their hands bound behind their backs with duct tape. Both Staub and Clarke were found at Straub's

parents' home. Throughout the home, police found evidence of struggle and noticed that certain rooms had been ransacked.

After an investigation, the Lucas County Grand Jury indicted Petitioner in connection with the death of Straub and Clarke.[1] The Grand Jury charged Petitioner with two counts of Aggravated Murder with specifications, two counts of Kidnapping and one count of Aggravated Burglary. After proceeding to trial, a Jury convicted Petitioner on all five counts. The Jury deadlocked as to sentencing and the Trial Court sentenced Petitioner to two consecutive life terms without the possibility of parole for the two murder convictions and ten years each on the remaining counts.

Petitioner appealed. The appellate court affirmed both the conviction and sentence. Petitioner then appealed to the Ohio Supreme Court, which ultimately declined jurisdiction and dismissed the case. Petitioner tried to reopen his appellate proceedings, but the state courts rebuffed his efforts.

On June 16, 2016, Petitioner mailed the current Petition. Of the ten Grounds for Relief he asserts, the following four are the most relevant for this Order:

> **GROUND ONE:** Petitioner's convictions were not supported by sufficient evidence.
>
> **GROUND THREE:** The trial court erred in failing to grant Petitioner's Rule 29 Motion to Dismiss at the time of trial.
>
> **GROUND FOUR:** The trial court erred by failing to grant Petitioner's Motion for Change of Venue, thereby denying his Due Process, Equal Protection Rights.
>
> **GROUND SEVEN:** The Petitioner was denied effective assistance of counsel, further denying him the right to Due Process, Equal Protection under the law and the right to a fair trial as guaranteed by the U.S. Constitution and the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments and those guaranteed under the Ohio Constitution.

---

[1] Petitioner's alleged accomplice was indicted and tried separately from Petitioner.

(Doc. 1, PageID: 6-14).

On July 7, 2016, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. (Doc. 6). On March 12, 2021,[2] the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss in part and deny in part the Petition. (Doc. 54). On June 29, 2021, Petitioner filed his Objection to the Report and Recommendation. (Doc. 57). Respondent did not file a Response.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision either (1) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

Pursuant to § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

---

[2] After the filing and initial briefing in this case, the Court stayed the matter while Petitioner litigated his Motion for New Trial in the Ohio courts. (*See* Doc. 27). The Court eventually lifted the stay in May of 2020.

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part, any findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner raises ten Grounds for Relief. The Magistrate Judge recommended dismissing some as non-cognizable and others on their merits. Petitioner objects to some of the Magistrate Judge's Recommendation, but not to other parts. (*See* Doc. 57, PageID: 3300). The Court addresses each aspect of Petitioner's Objection as follows.

**Non-Cognizable Grounds for Relief**

The Magistrate Judge found that Grounds Two, Five, Six, Eight, Nine and Ten are non-cognizable on habeas review. (Doc. 54, PageID: 3281-84). Therefore, the Magistrate Judge recommended that each be dismissed. (*Id.* at PageID: 3284). Petitioner does not object to this finding and recommendation.

Therefore, the Court must assume that Petitioner is satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court adopts the recommendation of the Magistrate Judge as to Grounds Two, Five, Six, Eight, Nine and Ten and **DISMISSES** these grounds as non-cognizable issues of state law.

**Grounds One and Three – Sufficiency of the Evidence & Directed Verdict[3]**

The Magistrate Judge recommended that the Court deny Grounds One and Three on their merits because of deference given to the jury and the appellate court's application of the correct standard to the facts. (Doc. 54, PageID: 3288). Petitioner objects, arguing that the appellate court used the incorrect standard when analyzing his conviction for Aggravated Murder. Petitioner then sought to discredit certain trial evidence based on evidence he uncovered after trial. (*See generally*, Doc. 57, PageID: 3300-3311).

A conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, the state court stated the standard of review as follow: "an appellate court's function is to 'examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *Ohio v. Williams*, 2015 WL 461895, at ¶ 58 (Oh. Ct. App. Jan. 30, 2015) (citing *Ohio v Jenks*, 574 N.E.2d 492, syllabus ¶ 2 (Ohio 1991) (citing *Jackson*)). Since the appellate court applied a state standard that is similar to *Jackson*, the Court affords the state decision deference. *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007).

The only way then that the Court may grant Petitioner's first and third Grounds for Relief is if the state court's decision constituted an 'unreasonable application' of clearly established Supreme Court precedent. *Williams*, 529 U.S. at 411. A prisoner cannot obtain habeas relief if the state court's decision, although wrong, was not objectively unreasonable. *Bryan v. Bobby*, 843 F.3d 1099, 1106 (6th Cir. 2016). A decision is not unreasonable merely

---

[3] Petitioner seems to agree that these claims may be analyzed together. Both are based on the same sufficiency of the evidence standard and Petitioner did not object to the Magistrate Judge's treatment of both Grounds as one.

because it is incorrect or even clearly erroneous.  *Id.*  So long as "*fair-minded jurists* could disagree on the correctness" of the state court's decision, it is not an unreasonable one.  *Id.* (emphasis added).  This 'fair-minded jurist' standard is highly deferential.  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court finds Petitioner's first objection without merit.  At the outset, the Court finds no issue with the state court's review of Petitioner's conviction under a complicity theory.  Petitioner's grievance stems from the fact that he was not charged under a complicity theory, but rather as a principal.  But under Ohio law, a court may instruct the jury on complicity even though the defendant was charged as a principal.  *Thompson v. Konteh*, 170 Fed. App'x 945, 951 (6th Cir. Mar. 14, 2006); *see also Hill v. Perini*, 788 F.2d 406, 408 (6th Cir. 1986) ("under Ohio law, the state may charge and try an aider and abettor as a principal, and even if the evidence at trial reasonably indicates that the defendant was an aider and abettor rather than a principal offender, a jury instruction regarding complicity may be given").  Therefore, since Petitioner was indicted for Aggravated Murder, he should have been on notice "that evidence could be presented that he was either a principal offender or an aider and abettor."  *Ohio v. McKelton*, 70 N.E.3d 508, 566 (Ohio 2016).  Accordingly, the Court finds that the state court properly analyzed Petitioner's conviction under complicity standards.

This finding of complicity, however, "does not alter the government's responsibility to establish the culpability required for commission of the principal offense."  *Thompson*, 170 Fed. App'x at 951.  Thus, the state must prove that Petitioner purposely caused the death of the two victims while committing or attempting to commit the Aggravated Burglary or Kidnapping.  OHIO REV. CODE § 2903.01(B).  "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a

prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." *Id.* at § 2901.22(A).

Under Ohio law,

> one may be presumed to intend results which are the natural, reasonable and probable consequences of his voluntary act and if the use of a weapon, likely to produce death or serious bodily harm, results in death, such use, in the absence of explanation of circumstances or mitigation, may justify a determination beyond a reasonable doubt that there was an intent to kill.

*Ohio v. Lockett*, 358 N.E.2d 1062, 1070-71 (Ohio 1976) (citations omitted) (judgment reversed in part on other grounds by 438 U.S. 586 (1978)). In *Lockett*, there was sufficient evidence to convict a participant of aggravated murder when the state put forth evidence of a common criminal design to commit a robbery by use of force, the participant's awareness of that force, and that a death resulted as a natural and probable consequence of the plan. *Id.* at 60.

Here, the appellate court held that "[a] jury could conclude [Petitioner] or his companions brought duct tape to the [victim's] home to restrain the victims, and that [Petitioner] supported and, by doing nothing to prevent asphyxia, cooperated in the killing of [the victims]." *Williams*, 2015 WL 461895 at ¶ 81. Applying the necessary deference to both the jury's verdict and the appellate court's affirmance, the Court agrees that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Here, the state demonstrated: that a common design to rob the victim's household existed; that Petitioner participated in the scheme; that the criminals brought duct tape to further their goal; that Petitioner participated in the torture of the victims when grocery bags were taped over the victims' heads and necks; and that the victims died of asphyxia. Thus, the natural and probable consequence of Petitioner's actions occurred when the victims died

during the commission of the aggravated burglary and kidnapping. Petitioner's active participation throughout the scheme is sufficient to support his conviction of Aggravated Murder.

Finally, Petitioner claims that this Court must consider the new evidence he discovered after the trial to support his *Jackson* attack. This the Court cannot do. Review authorized by *Jackson* "is limited to record evidence." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) ("*Jackson* does not extend to non-record evidence, including newly discovered evidence"). And a stand-alone claim of actual innocence is not cognizable on federal habeas review. *Id.* at 404-05; *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (The Sixth Circuit has "repeatedly indicated that such claims are not cognizable on habeas"); *Lovell v. Klee*, 2018 WL 4001458 (E.D. Mich. Aug. 21, 2018). Even if the Court could consider the merits of the new evidence, the state courts found Petitioner could not attack his conviction with this evidence. *See Ohio v. Williams*, 2019 WL 3991472 (Oh. Ct. App. Aug. 23, 2019). This further narrows the Court's review of the claim. *See Cress*, 484 F.3d at 853 ("the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review"). Accordingly, Petitioner cannot rely on his newly discovered evidence to support his claim that he was convicted in the absence of sufficient evidence.

The Supreme Court reminds courts that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). Because Petitioner has not hurdled that high bar, the Court **DENIES** Grounds One and Three on their merits.

**Ground Four – Change in Venue**

The Magistrate Judge recommended that the Court deny Ground Four because the appeals court cited and applied the appropriate established federal law on change of venue to the facts. (Doc. 54, PageID: 3288-89). Petitioner objects, arguing that the state court of appeals failed to identify the correct legal principle in his case as to whether media exposure deprived him of a fair trial. (Doc. 57, PageID: 3311).

Petitioner's objection is without merit. Beyond the general objection above, Petitioner does not advocate for what he believes should be the correct legal principle. Instead, he acknowledges that the appellate court relied on a state case, *Ohio v. Mammone*, 13 N.E.3d 1051 (Ohio 2014), which "has the same legal standard as" *Sheppard*, 384 U.S. 333 (1966). (*See* Doc. 57, PageID: 3311). The appellate court then proceeded to apply the appropriate two-part test to analyze Petitioner's change of venue motion. This was appropriate and in line with federal law. *See., e.g.*, *Campbell v. Bradshaw*, 674 F.3d 578, 593 (6th Cir. 2012) ("prejudice can be presumptive or actual"). With the appropriate legal standard in place, Petitioner does not argue how the appellate court's decision was either "contrary to" or "an unreasonable application of" clearly established federal law.

Accordingly, Petitioner's objection is insufficient and the Court **DENIES** Ground Four on its merits.

**Ground Seven – Ineffective Assistance of Counsel**

The Magistrate Judge determined that the state court correctly identified and employed the proper federal standard in analyzing Petitioner's claims of ineffective assistance of counsel. The appellate court then properly applied that standard to the facts to find no prejudice resulted from counsel's alleged deficiencies. Because this was not an unreasonable application of clearly established federal law, the Magistrate Judge recommended the Court deny Ground Seven on its merits. (Doc. 54, PageID: 3292).

Petitioner objects to this recommendation. According to Petitioner, the state court did not identify the correct legal principle, citing *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner then claims that the Magistrate Judge failed to cite the state court's decision on this ground. (Doc. 57, PageID: 3312).

To make out an ineffective assistance of counsel claim, Petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, a petitioner must establish both deficient performance and prejudice:

> First, the [petitioner] must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction…resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

The Court agrees with the Magistrate Judge's recommendation and finds Petitioner's objection without merit. First, the state court correctly identified the legal principle—i.e., *Strickland*—governing claims of ineffectiveness of counsel. *See Williams*, 2015 WL 461895 at ¶ 113 ("appellant must show trial counsel's performance fell below an objective standard of reasonable representation and prejudice resulted from counsel's deficient performance"). Accordingly, Petitioner is wrong that the state court utilized the incorrect legal principle.

Moreover, the Magistrate Judge did cite the state court's analysis of Petitioner's claim on appeal. The Court's own review confirms that the state court properly analyzed Petitioner's claim of counsel's ineffectiveness. Furthermore, the appellate court seemingly addressed the same issues Petitioner raised in his Traverse.

Because the state court properly identified the correct legal standard and applied that standard to each of Petitioner's allegations of ineffectiveness, the Court agrees with the Magistrate Judge that the appellate court's decision was not an unreasonable application of clearly established federal law. Petitioner's objection is without merit and the Court **DENIES** Ground Seven.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation and disposes of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus as follows: the Court **DISMISSES** Grounds Two, Five, Six, Eight, Nine and Ten as non-cognizable issues of state law; and **DENIES** Grounds One, Three, Four and Seven on their merits.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: August 19, 2021**